# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SPIRE MISSOURI INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| | ) |
| | ) |
| CONSTELLATION NEWENERGY, | ) JURY TRIAL DEMANDED |
| GAS DIVISION, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff Spire Missouri Inc. ("Spire"), and for its Complaint against Defendant Constellation NewEnergy-Gas Division, LLC ("Constellation") states and alleges as follows:

## INTRODUCTION

Spire brings this Complaint to recover the monetary damages it suffered due to Constellation's breach of an enforceable agreement. Specifically, Spire entered into a binding Agent Aggregation Service Agreement with Constellation in which Spire agreed that Constellation could utilize its distribution system to deliver natural gas to customers that Constellation serves as a natural gas marketer and appointed agent, and Constellation agreed to comply with Spire's tariff rules. However, Constellation has failed to honor its agreement by failing to deliver its customers' gas to Spire, which caused Spire to incur damages as a result of: (1) Spire being forced to purchase natural gas for use by Constellation's customers; and (2) Constellation's refusal to pay the resulting penalties. Spire seeks to recover the penalties that it is due under the terms of Spire's tariff rules

that Constellation agreed to comply with, together with any incidental, consequential damages, and punitive damages as well as attorneys' fees.

## PARTIES

### Spire

1.  Spire is a Missouri corporation with its principal place of business in St. Louis, Missouri. Among other things, Spire is a company engaged in the business of supplying gas and energy to individuals and businesses. Spire enters into agreements with natural gas marketers, such as Constellation, who serve as the appointed agent of customers to whom Spire agrees to transport gas that is purchased by a customer's appointed agent.

### Constellation

2.  Constellation is a Commonwealth of Kentucky Limited Liability Company with its principal place of business in Louisville, Kentucky. Constellation may be served through its registered agent, Corporate Creations Network Inc., at 101 North Seventh Street Louisville, KY 40220. Constellation is a natural gas marketer that markets natural gas to businesses in Missouri and many other states. In marketing natural gas to its Missouri customers, Constellation relies on Spire to transport the natural gas that it purchases to its Missouri customers.

## JURISDICTION AND VENUE

3.  This Court has personal jurisdiction over Constellation because Constellation entered into and performed the agreements at issue in Missouri.

4.  Personal jurisdiction also exists upon Constellation because Constellation transacted business in Missouri with Spire and transacts business more generally in Missouri, and further, because the damages and injuries from Constellation's contract breaches were felt by Spire in Missouri.

5. There is complete diversity of citizenship between Constellation, a Kentucky company with its principal place of business in Kentucky and Spire, a Missouri corporation with its principal place of business in Missouri.

6. The amount in controversy far exceeds the 28 U.S.C. § 1332(a) jurisdictional threshold of $75,000.

7. Venue is proper because Spire performed its obligations under the Agent Aggregation Service Agreement in the Western District of Missouri. Spire delivered natural gas under the terms of the agreement to Constellation's customers in the Western District of Missouri.

## FACTS COMMON TO ALL COUNTS

8. In 2010, a Spire predecessor company Missouri Gas Energy entered into an Agent Aggregation Service Agreement with Constellation.

9. The Constellation Agent Aggregation Service Agreement (referred to hereinafter as the "Constellation Service Agreement") set forth the "terms and conditions under which [Constellation] will engage in the pooling of gas supplies on the Company's natural gas distribution system for [Constellation's] authorizing gas transportation customers . . . for the purpose of administering gas service for said customers." See Constellation Service Agreement (attached hereto as Exhibit ("Ex.") A).

10. The Constellation Service Agreement provides that "[d]aily volumes of gas delivered to a transportation service customer should, to the extent practicable, match [Constellation's] receipts for the customer less any amount retained by [Spire]." See Ex. A, ¶ 3. The agreement further provides that Constellation "will act on its customers' behalf for the purposes of fulfilling the customers' contractual obligations under [the Constellation Service Agreement]." Id. at ¶ 4.

11. The Constellation Service Agreement requires that Constellation "endeavor to nominate and deliver gas in a manner that satisfies its customers' actual daily fluctuations in gas demand throughout the month." Ex. A at ¶ 9. The agreement also requires that the terms of Spire's Transportation Provisions tariff ("Spire TRPR") shall "apply to [Constellation] where applicable with equal force and effect, including all provisions relating to an Operational Flow Order ("OFO") . . . ." Id. at ¶ 10.

12. The Spire TRPR provides that: Spire "may issue Operational Flow Orders (OFO's) to Transportation Customers as necessary to protect the integrity of its system or any portion thereof and/or to ensure compliance with the requirements of upstream pipeline companies." See TRPR, Sheet No. 16.8, B2 (attached hereto as Ex. B).

13. Spire and other natural gas distribution companies have the authority to issue an OFO when natural gas is forecast to become scarce. During such periods, it is critical to the operation of the natural gas distribution system that third party marketers, such as Constellation, deliver sufficient gas to Spire for transportation to their customers. Without such deliveries, Spire risks not having enough natural gas to maintain the operation of its utility system.

14. In early February 2021, extreme cold was forecast to occur in the Central United States. In response, on February 10, 2021, Spire sent an email to Constellation providing notice that:

> Due to predicted extreme cold weather beginning 09:00 am Friday, February 12, 2021, until further notice, Spire Missouri West is issuing a standard operation flow order (Standard OFO). In order to maintain and protect the integrity of our distribution system, Spire Missouri is requesting that all end users control their usage to avoid any Under-Deliveries. Please see our tariff for the charges with non-compliance with this Standard OFO.

15. The OFO that became effective on February 12, 2021 remained in effect until February 18, 2021. During the OFO period, Constellation nominated and delivered approximately 53,067

4

fewer MMBtus of natural gas for its customers than its customers' actual usage during the OFO time period.

16. As a result of these unauthorized under-deliveries, Spire was required to purchase and supply additional natural gas to cover the actual natural gas usage by Constellation's customers during the OFO period.

17. Constellation is subject to OFO penalties to be calculated as follows:

> (i) Standard OFO Penalties: For each day of the Standard OFO, the greater of $5 or 2½ times the daily mid-point stated on Gas Daily's Index for Southern Star Central Gas Pipeline (Oklahoma) times the MMBtu of Unauthorized . . . Under-deliveries that exceed the [applicable] tolerance level . . . .

Ex. B, Sheet 16.14, B5(c)(i).

18. On February 24, 2021, Spire demanded payment of the penalties that Constellation incurred as a result of its failure to comply with the OFO issued on February 10, 2021. Constellation has failed to comply with Spire's demand for the payment owed and has refused to pay the OFO penalties that are due.

19. Spire has no control over the reported index price of natural gas.

20. Under the terms of Spire's TRPR "[a]ll revenues received from unauthorized use charges [such as the OFO penalties that Constellation accrued] will be considered as gas cost recovery and will be used in the development of the gas cost recovery amount during the ACA audit as set forth in the Purchased Gas Adjustment schedule (PGA)." Ex. B at Sheet 16.13 ¶ B5.

21. Accordingly, all monies collected in this case will become a credit to the overall cost of natural gas to be paid by Spire's utility customers. Spire is not entitled to keep any of the proceeds of this action as a profit. Such proceeds instead belong to Spire's utility ratepayers.

# COUNT I – BREACH OF CONTRACT

22. Spire adopts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

23. Constellation entered in the Constellation Service Agreement with Spire.

24. Under the terms of the Constellation Service Agreement, Constellation agreed to comply with the terms of Spire's TRPR.

25. On February 10, 2021, Spire sent an email to Constellation providing notice that as of February 12, 2021, Spire would be operating under an OFO until further notice.

26. The OFO that Spire issued started on February 12, 2021 and continued through February 18, 2021.

27. During the time period that the OFO was in effect, Constellation nominated approximately 53,067 fewer MMBtus of natural gas for delivery to its customers than its customers' usage during that time period.

28. As a result of these unauthorized under-deliveries, Constellation is subject to OFO penalties in excess of $30,000,000.

29. On February 24, 2021, Spire demanded payment of the penalties that Constellation incurred as a result of its failure to comply with the OFO issued on February 10, 2021.

30. Constellation has failed to comply with Spire's demand for the payment owed and has refused to pay the OFO penalties that are due.

31. Spire performed all its duties, obligations, and conditions precedent under its agreement with Constellation, among other things, delivering natural gas to Constellation's natural gas customers in Missouri.

32. Constellation has failed to perform its duties and obligations under the Constellation Service Agreement and therefore has breached the Constellation Service Agreement.

33. Spire has suffered damages in excess of $30,000,000 due to Constellation's failure to pay the required penalties for its under-deliveries during the period of time that the OFO was in effect.

34. Spire has also suffered consequential and incidental damages and is entitled to be reimbursed for any and all attorneys' fees, expenses, and costs it incurs in this lawsuit.

WHEREFORE, Spire prays for judgment against Constellation in Count I herein in a sum in excess of Seventy-Five Thousand Dollars ($75,000), for consequential and incidental damages, for attorneys' fees and costs incurred herein, for pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## **COUNT II – UNJUST ENRICHMENT**

35. Spire adopts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

36. Constellation was unjustly enriched as a result of its breach of its promise to Spire.

37. Constellation was conferred a benefit equal to the costs that Spire incurred in covering for Constellation's under-deliveries to its customers during the OFO period.

38. Constellation is aware of the fact it was conferred a benefit.

39. The retention by Constellation of the funds that it would have been required to expend to purchase natural gas for its customers' use during the OFO period would be unjust and inequitable because Constellation agreed to nominate and deliver enough natural gas during the OFO period to cover its customers' usage.

40. Due to Constellation's failure to nominate and deliver sufficient natural gas to Spire, Spire was required to purchase and supply additional natural gas to Constellation's customers at Spire's expense.

41. Injustice can only be avoided by the enforcement of the terms of the Constellation Service Agreement by ordering Constellation to reimburse Spire the cover damages that it incurred in order to purchase natural gas to cover Constellation's customers' usage during the OFO period. The damages that Constellation should reimburse Spire for are in excess of $10,000,000.

42. Further, injustice can only be avoided by ordering Constellation to reimburse Spire for its consequential damages, incidental damages, costs, and attorneys' fees.

WHEREFORE, Spire prays for judgment against Constellation in Count II herein in a sum in excess of Seventy-Five Thousand Dollars ($75,000), for consequential and incidental damages, for attorneys' fees and costs incurred herein, for pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Dated: March 22, 2021  Respectfully submitted,

DOWD BENNETT LLP

By: */s/ Gabriel Gore*
    Edward L. Dowd Jr. #28785
    Gabriel E. Gore #45416
    James Rehmann #61245
    Rebecca McLaughlin #71969 (admission pending)
    7733 Forsyth Blvd., Suite 1900
    St. Louis, MO 63105
    Telephone: (314) 889-7300
    Facsimile: (314)863-2111
    edowd@dowdbennett.com
    ggore@dowdbennett.com
    jrehmann@dowdbennett.com
    rmclaughlin@dowdbennett.com

*Attorneys for Plaintiff Spire Missouri Inc.*